UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00315-RJC
(3:13-cr-00258-RJC-DSC-8)

| | |
|---|---|
| LANCE RICHARDSON PAGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

**I.     Initial Screening**

The Court has conducted an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C.A. foll. § 2255 and finds that the motion appears <u>untimely</u> and that the petition <u>has not been signed by Petitioner under penalty of perjury</u>, Rule 2(b)(5), 28 U.S.C.A. foll. § 2255 (motion to vacate must be signed under penalty of perjury "by the movant or by a person authorized to sign it for the movant").

**II.    Timeliness**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner pleaded guilty to one charge of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. [Criminal Case No. 3:13-cr-00258-RJC-DSC ("CR"), Doc. 164: Acceptance and Entry of Guilty Plea]. Plaintiff was sentenced on May 29, 2015, to a term of 84 months' imprisonment and a four-year term of supervised release. Judgment was entered on June 12, 2015. [CR Doc. 315: Judgment]. Petitioner's conviction was affirmed on appeal, the Fourth Circuit's mandate issuing on April 27, 2016. [CR Docs. 342, 344]. Petitioner did not petition for writ of certiorari. As such, for purposes of § 2255(f), Petitioner's conviction became final on April 27, 2016, and Petitioner had one year, or until April 27, 2017, within which to file a § 2255 motion. Petitioner filed a previous motion to vacate under § 2255, which this Court denied on the merits. [CR Docs. 359, 370]. Furthermore, Petitioner has since been released from custody and subsequently arrested and sentenced to a term of imprisonment of nine (9) months for multiple supervised release violations. [CR Docs. 413, 414, 428].

Petitioner now files the pending single-page § 2255 Motion to Vacate, in which Petitioner references "the judgment and sentence imposed by the courts on June, [*sic*] 12, 2015."[1] [Doc. 1].

---

[1] Petitioner does not reference this Court's recent Judgment in Petitioner's revocation proceedings.

Petitioner does not address why his motion should not be dismissed as untimely. The Court will grant Petitioner twenty (20) days in which to provide an explanation as to why the instant Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

### III. Penalty of Perjury

Petitioner also failed to sign his petition under penalty of perjury. Within twenty (20) days of service of this Order, Petitioner must sign the petition under penalty of perjury and resubmit it in accordance with Rule 2(b)(5) of the Rules Governing § 2255 Proceedings.

The Petitioner is further instructed to complete the proper Section 2255 form that will be sent by the Clerk to the Petitioner. Petitioner's failure to return the Section 2255 form, signed under penalty of perjury and explaining why his petition should not be dismissed as untimely, within twenty days of service of this Order, may result in dismissal of this action without prejudice.

The Court will address whether Petitioner's motion constitutes an unauthorized successive petition and/or whether Petitioner's motion is moot should Petitioner chose to refile his petition on the proper form, signed under penalty of perjury, and explaining why his motion should not be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner shall have twenty (20) days from entry of this Order in which to explain to the Court why the Section 2255 Motion to Vacate should not be dismissed as untimely and to return a copy of the Section 2255 Motion to Vacate, signed under penalty of perjury. The explanation as to timeliness shall be included on the Section 2255 form

that is being sent to Petitioner. If Petitioner does not submit such signed Motion to Vacate within twenty (20) days from entry of this Order, the petition may be dismissed without further notice.

(2) The Clerk of Court is instructed to mail Petitioner a blank Section 2255 form.

Signed: June 16, 2020

Robert J. Conrad, Jr.
United States District Judge