UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00315-RJC
(3:13-cr-00258-RJC-DSC-8)

| | |
|---|---|
| LANCE RICHARDSON PAGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I.  BACKGROUND

On June 2, 2015, pro se Petitioner Lance Richardson Pagan ("Petitioner") pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. [CR Doc. 164: Acceptance and Entry of Guilty Plea; see CR Doc. 162: Plea Agreement]. On May 29, 2015, Petitioner was sentenced to a term of imprisonment of 84 months. [CR Doc. 315: Judgment]. Petitioner appealed and the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Pagan, 643 Fed. App'x 295 (4th Cir. 2016).

On March 20, 2017, Petitioner filed a motion to vacate pursuant to § 2255, which this Court denied and dismissed on the merits on September 1, 2017. [Civil Case No. 3:17-cv-00144-RJC, Docs. 1, 8]. On June 4, 2020, Petitioner filed a single-page handwritten "Motion Postconviction

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:20-cv-00315-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:13-cr-00258-RJC-DSC-8.

relief – Ineffective assistance of counsel. Motion to Vacate, Set-aside or correct." [CV Doc. 1]. In it, he claimed that his Fourth and Sixth Amendment rights had been violated in his criminal proceedings. [Id.]. The Court order that Petitioner had 20 days to explain why his motion was not untimely and to submit the proper Section 2255 form, which was sent to him by the Clerk. [CV Doc. 2]. The Court also instructed Petitioner that it would address whether Petitioner's motion constitutes an unauthorized successive petition if Petitioner chose to refile his motion on the proper form. On June 26, 2020, Petitioner filed the instant § 2255 motion to vacate. [CV Doc. 3]. He claims his petition is timely because "[he has] been trying to get this case back to court every since [he] found out that [he] was framed. Every avenue that [he goes] down has been denied." [Id. at 3].

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that before a prisoner may file a second or successive motion under § 2255 challenging his federal criminal judgment(s), he first must obtain authorization to do so from the appropriate circuit court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the

appropriate appellate court.  See § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Here, Petitioner previously filed a motion to vacate the same sentence, which was dismissed on the merits. Petitioner, however, provides no evidence that he has obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion. Consequently, the Court lacks jurisdiction to consider the instant Motion to Vacate, and it must be dismissed. See Winestock, 340 F.3d at 205.

**IV.  CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate [Doc. 3] is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: September 25,

Robert J. Conrad, Jr.
United States District Judge